UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CRAIG A. JOHNSON, as                        *
personal representative of the estate
of JAMISA MCCLUNEY-JOHNSON,                 *
317 Varnum Street, NW
Washington, D.C. 20011                      *

Plaintiff,                                  *

v.                                          *   Case No.

TERRENCE M. FULLUM, M.D.                    *
7904 Wingate Drive
Glenn Dale, Maryland 20769                  *

Defendant.                                  *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT
(Diversity of Citizenship: Wrongful Death, Survival of Actions, Medical Negligence)

**Parties and Jurisdiction**

1. The plaintiff Craig A. Johnson sues the defendant Terrence M. Fullum for negligently causing the death of Mr. Johnson's wife Jamisa McCluney-Johnson (also known as Jamisa Johnson). Dr. Fullum did unnecessary gastric stapling surgery on Mrs. Johnson, who died of complications from this procedure.

2. Craig A. Johnson is the personal representative of the estate of Jamisa McCluney-Johnson. The Johnsons lived and maintained their citizenship in the District of Columbia at all times relevant to this case.

3. Terrence M. Fullum is a general surgeon and a citizen of Maryland.

4. This court has jurisdiction under 28 U.S.C. § 1332 inasmuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, not counting interest and costs.

**Facts Common to All Counts**

5. Jamisa Johnson was born on August 10, 1968 and died on April 22, 2006. She is survived by her husband Craig, whose date of birth is June 10, 1970, and their three children: Jaylen, born on August 27, 1994, Cierra, born on August 6, 1996, and Jordan, born on August 12, 2002. The Johnsons were married on August 26, 1995.

6. Jamisa Johnson worked as an assistant store manager for Home Depot at 4700 Cherryhill Road, College Park, Maryland. Her husband and children depended on her for financial support and services.

7. Jamisa Johnson first presented to Dr. Fullum in early 2005 for consideration of gastric surgery. Dr. Fullum's office was located near Providence Hospital in Washington, D.C. His office staff recorded her height as 5 feet 8 inches and weight as 238 pounds. Dr. Fullum calculated her body mass index (BMI) as 36. He noted that she had "no co-morbidities" – i.e., conditions like heart disease or diabetes that are related to obesity. Dr. Fullum told her she did not qualify as heavy enough for the surgery.

8. A year later, when Mrs. Johnson weighed about the same or less than she did in early 2005, and when she was still in good health with no other diseases related to her weight, Dr. Fullum agreed to do the surgery after Mrs. Johnson pre-paid his

surgical fee of $6,000. He scheduled the surgery for April 17, 2006 at Holy Cross Hospital, Silver Spring, Maryland.

9. Mrs. Johnson filled out a patient questionnaire form before the scheduled surgery and recorded her height as 5 feet 9 inches and weight as 227.5 pounds. Her body mass index was 33. She was weighed on the day of surgery at the hospital at 226.5 pounds with a height of 5 feet 8 ½ inches.

10. Dr. Fullum performed a laparoscopic Roux-en-Y gastric bypass procedure on Mrs. Johnson on Monday, April 17, 2006 as scheduled. He put in a line of staples across the upper part of her stomach to create a small stomach pouch. He then severed her small intestine and created a new surgical exit for the stomach pouch so that food would bypass her lower stomach and the first two sections of her small intestine. The goal of the surgery was to restrict food intake and reduce absorption of food.

11. Mrs. Johnson was discharged home on April 18. On Thursday, April 20, 2006, she reported to Dr. Fullum's office next door to Providence Hospital with excruciating abdominal pain. She was admitted to Providence Hospital, and Dr. Fullum repaired a leak in the gastric staple line. She seemed to be stabilized but then experienced an apparent massive pulmonary embolism. Resuscitation was unsuccessful, and she was pronounced dead on April 22, 2006 at 12:30 a.m.

12. According to national standards promulgated by the National Institutes of Health in 1991 and by a panel of the American Society for Bariatric Surgery in 2004, an otherwise healthy patient with obesity should have a body mass index (ratio of weight to height) of 40 to qualify as obese enough to undergo permanent surgical

alteration of the body's ability to take in and absorb food. In a 5-foot-9 person, this would mean a weight of around 272 pounds, or around 45 pounds more than Mrs. Johnson weighed on the day of her surgery.

13. Dr. Fullum was negligent in the following respects:

    a. He proposed and carried out serious, life-altering surgery on a patient whom he knew did not meet objective standards for the procedure.

    b. He failed to obtain a proper informed consent for the procedure by not informing the patient of the serious risks of the procedure and her lack of qualifications for it.

    c. He failed to give the patient adequate prophylaxis for the pulmonary embolism which killed her.

    d. He was otherwise negligent in ways that will be discovered.

14. Dr. Fullum's negligence caused injury and death to Jamisa Johnson.

**Count One: Wrongful Death**

15. On behalf of himself and his three children, Craig Johnson as personal representative of the estate of Jamisa Johnson sues Terrence M. Fullum for all damages recoverable under the District of Columbia Wrongful Death Act, D.C. Code § 16-2701, including their lost financial support, loss of services suffered by Craig Johnson, and loss of care, education, training, guidance and parental advice that Jamisa Johnson would have been expected to give her children Jaylen, Cierra and Jordan.

**Count Two: Survival of Actions**

16. On behalf of the estate of Jamisa Johnson, Craig Johnson as personal representative of the estate of Jamisa Johnson sues Terrence M. Fullum for all damages recoverable under the District of Columbia Survival of Actions Act, D.C. Code § 12-101, including her conscious pain and suffering, loss of accumulations to her estate, funeral bills and medical bills.

WHEREFORE, the plaintiff demands judgment of the defendant of an amount in excess of the jurisdictional limits of this court, to be proven according to the evidence at trial, plus costs.

Respectfully submitted,

_____
Patrick A. Malone (397142)
STEIN, MITCHELL & MEZINES
1100 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036
(202) 737-7777

*Attorneys for the Plaintiff
Craig A. Johnson, as personal
representative of the estate of
Jamisa McCluney-Johnson*

**JURY DEMAND**

The plaintiff demands trial by jury.

_____
Patrick A. Malone